In The United States District Court
Northern District of Alabama
*Jasper Division*

| | |
|---|---|
| John Franklin Ward, <br>     Plaintiff, <br> vs. <br><br> John Snoody, <br> In his Individual and Official Capacity, <br> Anthony Nix, <br> In his Individual and Official Capacity, et.al. <br>     Defendant's. | Federal Action No. <br><br> 42 U.S.C. 1983 <br><br><br> CV-11-CO-0112-J |

VERIFIED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS
PURSUANT TO 42 U.S.C. 1983; 42 U.S.C. 2002 AND
42 U.S.C. 1981

Comes now Plaintiff, John Franklin Ward, *PRO SE*, and makes this Instant Complaint against person's acting under color of State Law, Whom have violated numerous Federally Protected Civil Rights of Plaintiff, and additional person's whom have conspired together to further said Civil Rights Violations.

Jurisdiction

1) Jurisdiction is proper in the United States District Court as This action is a Civil Rights Action, and All the Defendant's were and are acting under color of State Law.

John F. Ward
31414 Hwy.195
Double Springs, Alabama 35553

Venue

2) Venue is proper in the United States District Court for the Northern District of Alabama, as all the Civil Rights Violations occurred in Winston County, Alabama

Parties
Plaintiff

3) Plaintiff, John F. Ward, is an Indigent United States Citizen and resides at 31414 Hwy 195, Double Springs, Alabama 35553, and is over the age of 19 years. Plaintiff is a Native American, a member of the Susquehannock Tribe, FEDERAL IDENTIFICATION NO.39-2052352 ; ROLL NO. 08-00065

Defendants

4) Defendant Anthony Nix is employed as a deputy Sheriff with the Winston County, Alabama Sheriff's Department, and is over the age of 19 years. Address-P.O. Box 10 Double Springs, Alabama 35553

5) Defendant {x} baker is employed as Jail Custodian [jailer] at the Winston County, Alabama Jail, and is over the age of 19 years. Address-P.O. Box 10 Double Springs, Alabama 35553

6) Defendant John Snoddy is the Winston County Circuit Clerk, and is over the age of 19 years. Address- P.O. Box 309, Double Springs, Alabama 35553

7) Defendant Michael Newell is the Winston County District Court Judge, and is over the age of 19 years. Address P.O. Box  Double Springs, Alabama 35553

8) Defendant's Jane Doe 1, Jane Doe 2, Jane Doe 3, John Doe 1, John Doe 2, John Doe 3,; who's names are unknown at this time will be identified through discovery and amended into this instant complaint.

Statement of the Facts Section I Events of October 25th 2010

9) On the 25th day of October, 2010 in the pre daylight hours a F1 Tornado caused serious damage to Homes, Trees and utility lines in the Pleasant Hill, and Ashridge Communities of Winston County Alabama. Around Daylight Plaintiff, after removing a tree from his Parents Home, started going to the Neighbors to assist in the removal of debris from the road and homes.

10) Plaintiff, John F. Ward had assisted, neighbors O.B. Williams, Wendell Alexander, Mac Ergle, and went to assist Jimmy Ward a relative.

11) Around 11:30 am Plaintiff rode a Motorcycle to his parents home to eat lunch, as Plaintiff is a Diabetic, after eating Plaintiff, left on a motorcycle to finish assisting neighbor and relative Jimmy Ward, whom lives 400 yds north on Hwy 195. Plaintiff took a Dirt road to connect to Winston County Road # 107,which dead ends at Hwy 195, directly in front of Jimmy Ward Residence.{ Google Map of Area Attached as Exhibit A }

12) On Winston County Road # 107, approximately 300 yds from the end a Winston County Deputy Sheriff's Patrol Car suddenly raced up behind Plaintiff, with Emergency Lights Flashing, Plaintiff assuming the Deputy was on his way to assist someone in need, veered close to the shoulder of the road, and slowed but did not stop.

13) Plaintiff turned around and recognized the Deputy, as Anthony Nix, and continued to move over so the Deputy Could pass, Suddenly the Deputy's Patrol Car was beside Plaintiff and forcing Plaintiff off the road. Plaintiff could see his relatives and other neighbors standing in Jimmy wards yard watching what was happening. Suddenly Plaintiff Hears a loud explosion, similar to the Sound of a weapon discharging.

14) Defendant Nix has a history of attempting to shoot unarmed suspects in the back. One event occurred at Plaintiff's Neighbor's residence. Mr Mack Ergle was woken to the sound of gun fire in his yard late one night, going out to check, he see's Defendant Nix firing his service weapon at the back of a fleeing suspect. Mr. Mack Ergle demands Defendant Nix to stop. Mr. Mack Ergle repeatedly went to the Winston County Sheriff's Office to Report the incident and ask for Defendant Nix to be suspended pending an investigation.

15) Plaintiff was well aware of the exploits of Defendant Nix, shooting at unarmed citizens, and was aware of people whom Defendant Nix took Drugs and sexual favors in exchange for not being prosecuted.** Plaintiff can produce witness; if immunity for State Drug Charges are granted.

16) Plaintiff stopped the motorcycle, on the dirt shoulder and Deputy Anthony Nix slid his Patrol Car within 2 feet of Plaintiff, Jumped out, wearing Blue jeans and a casual shirt, shouting and cussing, ordering Plaintiff to place his hands over his head. Plaintiff was handcuffed and physically thrown in the rear of the patrol Car. Chris Ward, a relative of Plaintiff was walking the 200 yards toward the Patrol Car and observed the entire event.

17) A few minutes later a second Winston County Deputy's Patrol Car pulled up, and Plaintiff was removed from Defendant Nix's Patrol Car and Placed in a Patrol Car driven by deputy Steven Moody. Plaintiff was informed he was under arrest and would be transported to Winston County Jail. Deputy Steven Moody informed Chris Ward who was to ride the Motorcycle the remaininng 200 yds to a family members home for storage, that Plaintiff would be released at 7:00 A.M., and Chris Ward could pickup Plaintiff at the Jail.

18) On the way to the winston County Jail, Plaintiff asked Deputy Steven Moody what he was being arrested for, Deputy Moody informed Plaintiff, he was not sure, he thought No Helmet, No Tag, and Illegal Possession of Alcohol, he was just transporting Plaintiff because Deputy Anthony Nix was OFF Duty.

19) Plaintiff vehemently objected to his arrest, as he had no illegal alcohol, the motorcycle had a valid tag, valid insurance, the only infraction committed by Plaintiff was not having his helmet on. Plaintiff repeatedly stated to Deputy Steven Moody that his arrest was unlawful, violated his Civil Rights, and Plaintiff would seek redress in Federal Court.

20) Plaintiff was processed into the winston County Jail, at or around 12:45 P.M., being charged with No Helmet, No Tag and Illegal Possession of Prohibited Liquer. Plaintiff was rather verbal and angry that he was being unlawfully arrested, that he had no Illegal Liquer, and No helmet was not a offense that resulted in incarceration.

21) Plaintiff was issued a mattress and blanket, and was placed in a 3 feet by 5 feet area,{ the area between the outer door and inner door of cell number 3 } Approximately 1 hour later the Jailer came and took Plaintiff back to the Booking Area. Present there was Deputy Anthony Nix, who Started cussing and yelling " I hear your going to sue me for Civil Rights, You don't have no Damn Rights, and if you want a reason to be locked up they told me to issue a ticket for Driving on Suspended Driving License"

22) Plaintiff was taken and placed back in the 3 feet by 5 feet area, a few of the inmates in cell 3 started yelling "the police told us that they put you in there because you are a child molester and when they open the door we are going to beat you to death."

23) Plaintiff after 4 four of hours of yelling at the jailers, to remove him from the 3 by 5 feet area , Defendant Baker approached the cell area, stating " you will get what's coming when I open the door" with a can of chemical spray and stood 6 feet back and sprayed plaintiff in the face with the entire contents of the can of chemical spray. In front of 27 eyewitnesses and on video tape.

24) Plaintiff managed to stay standing, and breathing; which shocked the inmates in cell no. 3, who were waiting to beat Plaintiff. Defendant Baker stood looking surprised, as Plaintiff managed to speak, he informed Defendant Baker to open the door to the cell, and start this fight.

25) After 45 minutes, Plaintiff who was unable to wipe his eyes, or wash any of the Chemical Spray off his face and eyes, went into shock, and crawled inside the lining and mat of his mattres. Plaintiff was told by other inmates that Defendant Baker came to their yelling about an hour later, walked up and said, " that will make them happy, maybe the S.O.B. will die" and walked off.

26) The Morning of the 26th of October 2010, after spending the night curled up inside his mattress Plaintiff start's asking the new custodian crew, about his release, bail, bond. Plaintiff is informed that when the Circuit Clerk sets a bond we will let you know. Around 10:00 a.m. a custodian approached and stated " Judge Newell set your bond, it's $6,500.00{six thousand five hundred dollars}

27) Winston County Sheriff Ed Townsend, allowed Plaintiff to Sign his own bond, and leave the Winston County Jail, with pending criminal charges.

Statement of Facts
Section II, Event's From December 2009 until Present

28) Starting on December 7th 2009, Plaintiff has repeatedly attempted to get the Winston County Circuit Clerk, and District Court Judge to bring Plaintiff to Court and hold a Indigency Determination, and to remove an unlawful " Notice of Suspension" for non-payment of a ticket issued in 1994; which was issued to the Alabama Department of Public Safety by the Winston County's Circuit Clerks Office in 2003.

29) The Notice of Non-payment forwarded to the Alabama Department of Public Safety, was done so without a Order from the Court, in violation of the Alabama Rules of Court. Plaintiff spoke with Defendant John Snoddy, {Winston County Circuit Clerk} reguarding the lack of a Order from the Court, and was informed that it " was verbal, and that's the way we do it in Winston County".

30) Plaintiff spoke with Defendant Michael Newell { Winston County District Court Judge} in the Circuit Clerks Office, sometime in August 2010. Plaintiff informed Defendant Michael Newell that he was filing a Declaratory Judgment Action, seeking to have the Alabama Rules of Court, Rule 26.11(I)(4) declared unconstitutional, and to have the treatment of Indigent Citizens and other unlawful actions of Defendant John Snoody and Michael Newell declared Unconstitutional.

31) Plaintiff was verbally threatened by Defendant John Snoddy, with arrest if Plaintiff came to the Circuit Clerks Office, and said one word to any assistant clerk about their refusal to file PRO SE documents presented by Plaintiff, present were local Attorney's Jerry Jackson, and Greg Farris.

32) On or Around August 18th 2010, Plaintiff went and had the Winston County Probate Judge Notorize a Declaratory Judgment Action, proceeded on to the United States Post Office in Double Springs, Alabama. At the Post Office Plaintiff paid U.S. Currency for metered postage, of the Declaratory Judgment Action being mailed to the Winston County Circuit Clerk's Office for filing, and a copy to the Alabama Attorney General's Office, as perscribed by the Alabama Rules of Court.

33) The Winston County Circuit Clerk's Office denied receiving the Declaratory Judgment Action. Attached as Exhibit B, Postal Receipt August 18th 2010, as Exhibit C the Declaratory Judgment Action, Plaintiff has attempted to file in Court.

34) The direct acts and or refusal to act by defendant's Snoody and Newell directly resulted in Plaintiff facing criminal charges of Driving while License Suspended.

35) Defendant's Snoody and Newell acted in concert with other parties to ensure the non-filing of a Declaratory Judgment Action, acted in concert with other parties to ensure Plaintiff's unlawful arrest, acted in concert with other parties to ensure Plaintiff's physical beating and Chemical Spraying; acted in concert with other parties to ensure Plaintiff's Excessive Bond; acted in concert with other parties to ensure the Malicious Prosecution of Plaintiff. *Attached as Exhibit D*, A News Paper Article in which Judge Newell openly announced a Million Dollar Bond applicable to anyone arrested on a Meth charge.

36) Plaintiff whom is a Native American cannot freely attend religious ceremonies held by his Tribal Members, cannot freely travel to his Tribe's Reservation. This denial of Religious Freedom is a direct result of the acts or failure to act on the part of Defendant's Snoody and Newell, whom are unlawfully keeping Plaintiff from receiving a Driving License, because he owes MONEY.

## Statement of the Claims

A) Defendant Anthony Nix Violated Plaintiff's 4th Amendment rights when unlawfully seizing and arresting Plaintiff on unfounded charges.

B) Defendant Anthony Nix Violated Plaintiff's 4th, 5th and 14th Amendment rights when using excessive force {Discharging Firearm} while unlawfully seizing and arresting Plaintiff.

C) Defendant Anthony Nix acted in concert with one or more of the named Defendant's, or parties to be established during discovery, to further and/or conceal the acts of an Illegal Arrest, Excessive Force(During Arrest), Excessive Force (Chemical Spray) and planed beating in violation of 42 U.S.C. 1981.

D) Defendant [X] Baker Violated Plaintiff's 4th, 5th and 14th Amendment rights when maliciously and sadistically using excessive force, Chemically Spraying Plintiff while enclosed in a 3 x 5 foot.

E) Defendant [X] Baker acted in concert with one or more of the named Defendant's, or parties to be established during discovery, to further and/or conceal the acts of an Illegal Arrest, Excessive Force(During Arrest), Excessive Force (Chemical Spray) and planed beating in violation of 42 U.S.C. 1981.

F) Defendant (X) Baker was Deliberately Indifferent when refusing/failing to give medical attention when Plaintiff went into shock after being Chemically Sprayed.

G) Defendant John Snoody violated Plaintiff's 5th and 14th Amendment right's when issuing a Notice of Suspension for non-payment to the Alabama Department of Public Safety, without a valid Order from the Court.

H) Defendant John Snoody acted in concert with one or more of the named Defendant's, or parties to be established during discovery, to fail/refuse to file a Declaratory Judgment Action, verbally threaten arrest; then effect that arrest on October 25th 2010, to have an excessive Bond set, further and/or conceal the acts of an Illegal Arrest, Excessive Force(During Arrest), Excessive Force (Chemical Spray) and planed beating, at the Winston County Jail in violation of 42 U.S.C. 1981.

I) Defendant John Snoddy's acts/refusal to act in the unlawful suspension of Plaintiff's Driving Privileges violates Plaintiff's Religious Freedom and is in contravention of 42 U.S.C. 2002.

J) Defendant Michael Newell violated Plaintiff's 4th, 5th and 14th Amendment rights when refusing to follow the Alabama Rules of Court, United States Supreme Court Decisions concerning the treatment of Indigent citizens, specifically Plaintiff, who owe money to the Court.

K) Defendant Michael Newell denied Plaintiff's 5th and 14th Amendment right's when denying Plaintiff access to the Court, when refusing to place Plaintiff on the Court Docket for a Indigency Determination since December 2009.

L) Defendant Michael Newell's acts/refusal to act in the unlawful suspension of Plaintiff's Driving Privileges violates Plaintiff's Religious Freedom and is in contravention of 42 U.S.C. 2002.

M) Defendant Michael Newell acted in concert with one or more of the named Defendant's, or parties to be established during discovery, to fail/refuse to file a Declaratory Judgment Action, to effect Plaintiff's arrest on October 25th 2010, to set an excessive Bond , further and/or conceal the acts of an Illegal Arrest, Excessive Force(During Arrest), Excessive Force (Chemical Spray) and planed beating, at the Winston County Jail in violation of 42 U.S.C. 1981.

RELIEF

I) Compensatory Damages from Defendant Anthony Nix in an amount of $100,000.00 per claim, on claim A, B and C for $300,000.00

II) Punitive Damages from Defendant Anthony Nix in an amount of $500,000.00 per claim, on claim A and B for $1,000,000.00

III) Refer this matter to the <u>United States Department of Justice for Anthony Nix's arrest</u> and imprisonment for violation of 42 U.S.C. 1981.

IV) Compensatory Damages from Defendant [X] Baker in an amount of $500,000.00 per claim, on claim D and F for $1,000,000.00

V) Punitive Damages from Defendant [x] Baker in an amount of $500,000.00 per claim, on claim D and F for $1,000,000.00

VI) Refer this matter to the <u>United States Department of Justice for [X[ Baker's arrest</u> and imprisonment for violation of 42 U.S.C. 1981.

VII) Compensatory Damages from Defendant John Snoddy in an amount of $500,000.00 per claim, on claim G and I for $1,000,000.00

VIII) Punitive Damages from Defendant John Snoddy in an amount of $500,000.00 per claim, on claim G and I for $1,000,000.00

IX) Refer this matter to the <u>United States Department of Justice for John Snoddy's arrest</u> and imprisonment for violation of 42 U.S.C. 1981.

X) Compensatory Damages from Defendant Michael Newell in an amount of $500,000.00 per claim, on claim J, K and L for $1,500,000.00

XI) Refer this matter to the <u>United States Department of Justice for Michael Newell's arrest</u> and imprisonment for violation of 42 U.S.C. 1981.

Wherefore, Plaintiff prays for any further relief this Honorable Court deems just.

Pursuant to 18 U.S.C. 1746
I hereby Swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated this 12 day of January 2011
X _____
John F. Ward
31414 Hwy.195
Double Springs, Alabama 35553

```
           DOUBLE SPRINGS POST OFFICE
              DOUBLE SPRINGS, Alabama
                     355532258
                  0107830017 -0098
  08/20/2010      (205)489-2126      01:48:55 PM

                   Sales Receipt
  Product           Sale   Unit         Final
  Description       Qty    Price        Price

  MONTGOMERY AL 36102                   $0.61
  Zone-2 First-Class
  Letter
    1.60 oz.
                                      ========
    Issue PVI:                          $0.61

  DOUBLE SPRINGS AL 35553               $0.61
  Zone-0 First-Class
  Letter
    2.00 oz.
                                      ========
    Issue PVI:                          $0.61

  Total:                                $1.22

  Paid by:
  Cash                                  $1.22

  Order stamps at USPS.com/shop or call
  1-800-Stamp24.  Go to USPS.com/clicknship
  to print shipping labels with postage.
  For other information call 1-800-ASK-USPS.
  *****************************************
  *****************************************
  Get your mail when and where you want it
  with a secure Post Office Box. Sign up for
  a box online at usps.com/poboxes.
  *****************************************
  *****************************************

  Bill#: 1000201490918
  Clerk: 04

     All sales final on stamps and postage
     Refunds for guaranteed services only
           Thank you for your business
  *****************************************
  *****************************************
            HELP US SERVE YOU BETTER

    Go to: https://postalexperience.com/Pos

          TELL US ABOUT YOUR RECENT
              POSTAL EXPERIENCE

            YOUR OPINION COUNTS
  *****************************************
  *****************************************


                  Customer Copy
```

Exhibit B



## A *Call to* Arms; A Battle against the "Free State of Winston"

{ Insert Photo Dual Destiny Statue - Historic Winston County Courthouse }

As a direct decedent of the *In Famous* Anderson Ward, one of the *Torries of the Hills*, who gave us the unique history of the " Free State of Winston," I have taken the same position and disagree with the actions of the "Free State of Winston" and the State of Alabama and have filed a Declaratory Judgment Suit in Court challenging the Constitutionality of the Alabama Rules of Court, Rules of Criminal Procedure, Rule 26.11, which governs <u>Fines in Court and Traffic cases</u>. As the economy of this State and Nation crumples the "Republican" government has turned it's back on the poor, we must return to a grass roots "DEMOCRATIC" form of government, this is a *Call to Arms*, your weapon your VOTE.

John Franklin Ward       E-Mail      torriesoftheashridgehills@yahoo.com
31414 Hwy. 195
Double Springs, Alabama
            35553

\* Historical Note: During the American Civil War Winston County succeeded from the State of Alabama and created the "Free State of Winston" and attempted to be neutral in the War between the States. *Torries of the Hills* by author Wesley S. Thompson, gives a historic account of the events.

\* release to freely reproduce photos and written material - John F. Ward

Exhibit C

IN THE CIRCUIT COURT OF
WINSTON COUNTY, ALABAMA

John Franklin Ward,
an Indigent Person and all
others similarly situated, et. al.,
                    Plaintiff,

VS:                                  Action no.

State of Alabama,
    Defendant.

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT
## AND APPLICATION FOR TEMPORARY RESTRAINING ORDER

Comes now Plaintiff, John Franklin Ward, *PRO SE*, and moves this Court for Declaratory Judgment concerning Plaintiff's Constitutional Rights to Access to the Courts the Constitutionality of portions of the Alabama Rules of Court, Rules of Criminal Procedure, rule 26.11; in their 4 corners and as applied to Indigent Persons and a Temporary Restraining Order to issue against the State of Alabama, Winston County District Court.

### Jurisdiction

1) Jurisdiction is proper in the Winston County Circuit Court as This action is for Declaratory Judgment, and Plaintiff John F. Ward is a resident of Winston County Alabama.

### Venue

2) Venue is proper in the Winston County Circuit Court pursuant to The Code of Alabama 1975 title 6-6-220 through 6-632 ; The Declaratory Judgment Act.

### Parties

3) Plaintiff, John F. Ward, is an Indigent United States Citizen , and resides at 31414 Hwy 195, Double Springs, Alabama 35553, and is over the age of 19 years.

4) Defendant's; The State of Alabama, and all Circuit, District and Municipal Courts of this State; specifically the 25th Judicial Circuit Courts.

### Statement of the Facts

5) Plaintiff, John F. Ward, was born in Birmingham, Alabama in 1964 and is a Natural Citizen of the United States, currently residing in Double Springs, Alabama ;35553

Page - 1

6) Plaintiff, John F. Ward is a Indigent person whom is disabled and who's only source of income is Social Security Disability benefits.

7) Plaintiff as a Natural Citizen of the United States of America is entitled to all the protection and privilege's guaranteed him by the United States Constitution, specifically in this instant cause the 5th and 14th Amendments.

8) Plaintiff John F. Ward as a resident and registered voter in the State of Alabama is entitled to all the protection and privilege's guaranteed him by the Alabama Constitution of 1901, specifically in this instant cause Article 1, § 6, 12 and 22.

9) The Alabama Supreme Court pursuant to amendment 328 of the Alabama Constitution of 1901, has promulgated rules concerning the operation of all Courts of this State, commonly known as THE ALABAMA RULES OF COURT.

10) The Alabama Rules of Court, Rules of Criminal Procedure, rule 26.11; titled Fines and Restitution; outlines the Rules relating to the imposition of fines, Court Cost and restitution; and the collection of these monies and the remedies for Non-payment.

11) In 1994 Plaintiff, John F. Ward, received a Uniform Traffic Ticket and Complaint (UTTC) charging a violation of the Code of Alabama § 32-5A-191 ; misdemeanor Driving under the influence, Ticket number L-3671864; Winston County District Court case number TR-0604 and was adjudicated guilty by the Winston County District Court on August 6th 1994 .

12) At the time of adjudication of guilt a fine was imposed and a payment schedule was entered by the Court. Due to Plaintiff's lack of U.S. funds he was unable to make the scheduled payments and explained to the Court at the August 6th 1994 hearing of his Indigence status, as evidenced by the appointment of Counsel; Attorney James Davis.

13) Plaintiff, John F. Ward, was sentenced to the Alabama Department of Corrections by the Winston County Circuit Court for Felony D.U.I. In 1996, and served a 10 year prison sentence from 1998 until 2001; again in 2004 Plaintiff was sentenced to the Alabama Department of Corrections by the Winston County Circuit Court for Felony D.U.I. and served two (2) 10 year sentence's from 2004 until 2010. Plaintiff was incarcerated a total of Nine (9) years and Five (5) months from 1998 until April 2010. Plaintiff received no Social Security Disability benefits during his incarceration.

14) On September 1st 2001 a Suspension Notice was forwarded to the Alabama Department of Public Safety to permanently suspend Plaintiff's Driving Privileges until the fine imposed in the 1994 Winston County District Court case number TR-0604 was paid.

Page - 2

15) Plaintiff as he neared his expected release date from the Alabama Department of Corrections, contacted the Alabama Department of Public Safety to inquire about the Re-In statement of his driving privileges and was informed of the Suspension Notice issued by the Winston County CIRCUIT CLERK.

16) AT no time since his original appearance on August 6th 1994, has Plaintiff been before the Winston County District Court concerning the Non-Payment of the imposed fines in case number TR-0604.

17) On or around December 7th, 2010 Plaintiff filed a Petition for Reduction of Fines, with attached Memorandum in Support, on December 8th, 2010 the Winston County District Court, Honorable Judge Mike Newell DENIED the petition with a hand written notation "The Ct is W/O Jurisdiction".

18) On December 21st 2009 Plaintiff filed in the Alabama Supreme Court a Petition for Writ of Mandamus/Prohibition , Action No.1090424, which action was transferred to the Alabama Court of Criminal Appeals on January 6th 2010, Action No. CR-09-0454, which was again transferred on January 11th 2010, to the 25th Judicial Circuit Presiding Judge Honorable John H. Bentley.

19) To -Date Plaintiff can not get the 25th Judicial Circuit Presiding Judge Honorable John H. Bentley, to take action on the Petition for Writ of Mandamus/Prohibition transferred from the Alabama Supreme Court and Alabama Court of Criminal Appeals to the 25th Judicial Circuit. {Transferred on January 11th 2010, more than Seven (7) months ago}

20) On August 14th 2010, Plaintiff filed in the Winston County District Court, case number TR-0604 a Motion to be placed on the Docket for a Indigence Hearing pursuant to the Alabama Rules of Criminal Procedure , rule 26.11. Plaintiff was informed by the Winston County District Court Judge Honorable Mike Newell and Winston County Circuit Clerk John Snoddy; at the time of filing ,that the 25th Judicial Circuit Judge Honorable John H. Bentley, would receive Plaintiff's filed motions and decide the Issue.

21) The Winston County District Court case file on record in the Winston County Circuit Clerks Office contains no COURT ORDER, pursuant to the Alabama Rules of Criminal Procedure, rule 26.11 (I) (3). When Plaintiff spoke with the Winston County Circuit Clerk on August 16th 2010, he was informed by Circuit Clerk John Snoddy that the COURT ORDER WAS VERBAL, and " That's the way we do it in Winston County ".

22) On August 14th 2010 Plaintiff was attempting to file a State of Alabama Unified Judicial System form C-10; Affidavit of Substantial Hardship and Order in the Winston County Circuit Clerks Office, the assistant clerks present refused to stamp filed the form, after arguing for 5 minutes, one of the assistant clerks said" just stamp it so he will leave". On August 16th 2010, Plaintiff went and personally spoke with the <u>Winston County Circuit Clerk John Snoddy concerning the treatment he received filing Motions in the Clerks Office, and was boldly told that the clerks office doesn't  file Affidavit of Hardships and that Plaintiff would be placed in Jail by the Circuit Clerk if he said one word to any assistant clerk concerning their refusal to stamp filed motions presented by Plaintiff.</u>

### Statement of Claims

23) The Winston County Circuit Clerk's Office, Winston County District Court and the Winston County Circuit Court have a policy, practice or pattern of Obstructing and Hindering PRO SE Litigants attempts to seek redress in the Courts of the 25th Judicial Circuit.

24) The Winston County Circuit Clerk's Office, Winston County District Court and the Winston County Circuit Court have a policy, practice or pattern of failing/refusing to follow the Alabama Rules of Court, The Alabama Constitution of 1901 and The United States Constitution when PRO SE Litigants are involved .

25) The Winston County Circuit Clerk's Office, Winston County District Court and the Winston County Circuit Court have a policy, practice or pattern of failing/refusing to follow the Alabama Rules of Court, The Alabama Constitution of 1901, The United States Constitution, United States Supreme Court Decisions , concerning Indigent Citizens.

26) The Winston County District Court and Winston County Circuit Clerk's Office have violated Plaintiff's rights to Equal Protection and Due Process of Law in issuing a suspension Notice to the Alabama Department of Public Safety, until payment of old fines are received when Plaintiff was and is Clearly Indigent.

27) The  Winston County Circuit Clerk's Office has violated Plaintiff''s rights to Equal Protection and Due Process of Law in issuing a suspension Notice to the Alabama Department of Public Safety, without a ORDER from the Court.

28) The Winston County District Court, Winston County Circuit Clerks Office has violated Plaintiff's rights to Equal Protection and Due Process of Law in the addition of collection fees for old fines when Plaintiff was and is Clearly Indigent.

29) The Alabama Rules of Court, Rules of Criminal Procedure, rule 26.11 (i)(3) on the four corners, is in violation of the United States Constitution, The Alabama Constitution of 1901, as it allows for multiple punishment for a single offense.( i.e. a second suspension of driving privileges from a single Traffic Offense)

30) The Alabama Rules of Court, Rules of Criminal Procedure, rule 26.11 (i)(3) as applied to Indigent Citizens, as in the instant cause, is in clear violation of the United States Supreme Court's decision in *Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed. 2d 130 (1971), and violates the United States Constitution, The Alabama Constitution of 1901.

## RELIEF REQUESTED

**A)** Plaintiff request that this Court Declare ; That The Winston County Circuit Clerk's Office, Winston County District Court and the Winston County Circuit Court's policy, practice or pattern of Obstructing and Hindering PRO SE Litigants attempts to seek redress in the Courts of the 25th Judicial Circuit. Violates Plaintiffs rights to Equal Protection and Due Process guaranteed him under the United States Constitution, Amendment 5 and 14, and the Constitution of Alabama 1901 Art. 1, § 1,6, and 22.

**B)** Plaintiff request that this Court Declare ; That The Winston County Circuit Clerk's Office, Winston County District Court and the Winston County Circuit Court's  policy, practice or pattern of failing/refusing to follow the Alabama Rules of Court, The Alabama Constitution of 1901, The United States Constitution, United States Supreme Court Decisions , concerning Indigent Citizens violates the Plaintiffs rights to Equal Protection and Due Process of Law guaranteed him by the United States Constitution, Amendments 5, and 14 and the Constitution of Alabama 1901, Art. 1, 6, and 22.

**C)** Plaintiff request that this Court Declare ; That the Winston County District Court and Winston County Circuit Clerk's Office ; when Issuing a Suspension Notice to the Alabama Department of Public Safety for the payment of old fines, violated Plaintiff's rights to Equal Protection and Due Process of Law; as Plaintiff is and was clearly Indigent.

**D)** Plaintiff request that this Court Declare ; That The  Winston County Circuit Clerk's Office has violated Plaintiff' 's rights to Equal Protection and Due Process of Law in issuing a suspension Notice to the Alabama Department of Public Safety, without a ORDER from the Court.

**E)** Plaintiff request that this Court Declare ; That The Winston County District Court, Winston County Circuit Clerks Office has violated Plaintiff's rights to Equal Protection and Due Process of Law in the addition of collection fees for old fines when Plaintiff was and is Clearly Indigent.

**F)** Plaintiff request that this Court Declare ; That The  The Alabama Rules of Court, Rules of Criminal Procedure, rule 26.11 (i)(3); on the four corners, is in violation of the United States Constitution, The Alabama Constitution of 1901, as it allows for multiple punishment for a single offense.( i.e. a second suspension of driving privileges from a single Traffic Offense)

**G)** Plaintiff request that this Court Declare ; That The Alabama Rules of Court, Rules of Criminal Procedure, rule 26.11 (i)(3) as applied to Indigent Citizens, as in the instant cause against Plaintiff, who is Indigent, is in clear violation of the United States Supreme Court's decisions in Tate v. Short, *supra*. , and violates the United States Constitution, The Alabama Constitution of 1901.

**H)** Plaintiff request that this Court Declare and **ORDER** ; That the Suspension Notice issued to the Alabama Department of Public Safety be Re-Called, canceled, rendered moot.

**I)** Plaintiff request that this Court GRANT a Temporary Restraining Order enjoining the Defendants from apply The Alabama Rules of Court, Rules of Criminal Procedure , rule 26.11(i)(3) to any Traffic offense.

**J)** Plaintiff request that this Court tax Costs and expenses of Plaintiff to the Defendants.

**K)** Plaintiff request that this Court GRANT any further relief that is just and required.

WHEREFORE, premise considered Plaintiffs request that this Court Immediately examine the legal issues presented and GRANT the Temporary Restraining Order, and set a Date for the Hearing on the Merits of this Instant Verified Complaint.

Done on this the 20th day of August, 2010.

I hereby Swear and affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.∞

NOTARY PUBLIC
Sworn to and Subscribed before me on this the 20th day of August, 2010.

*Shiela O'Moore*    12/30/2012
Notary    My commission expires

*John F. Ward*
John Franklin Ward
31414 Hwy 195
Double Springs, Alabama

Certificate of Service

I hereby Certify that I have served a true and correct copy of the attached Verified Complaint for Declaratory Judgment, and attached <u>Motion to Proceed In Forma Pauperis with form c-10, Affidavit of Substantial Hardship and Order</u>, on the person's who's names are below by placing in the United States mail postage pre-paid addressed as follows:

    The Alabama Attorney General
    11 South Union Street
    Montgomery, Alabama
               30150

    The Winston County Circuit Clerk
    P.O. Box 209
    Double Springs, Alabama
               35553

    The Winston County District Attorney
    P.O. Box 211
    Double Springs, Alabama
               35553

    The American Civil Liberties Union

    Montgomery, Alabama
               36103

Done on this the 20th day of August, 2010

                                          John Franklin Ward

Case 6:11-cv-00112-LSC   Document 1   Filed 01/12/11   Page 18 of 18

*[partial adjacent article fragments at top:]* ...school through this tragic event. She continued raising... cannot stress enough what a wonderful job she has done at... ...ansonne) and I have always said, 'If you have happy nurses, you will have happy patients.' It all...

# District judge talks about nee[d to] guide young people in right d[irection]

**By Melica Allen**
*Managing Editor*

HALEYVILLE - District judge Mike Newell was the guest speaker for the Haleyville Rotary Club, recently. Judge Newell talked about the different aspects of district court and new policies that have been instituted under his tenure.

Judge Newell said, "One of the things we did early on in traffic court was to require everyone to come to traffic court. We start at 4 p.m. so people who work from 7 a.m. to 3:30 p.m., will not have to miss work.

"We have district criminal court for those who are charged with a misdemeanor in Winston County. We set aside one day a month for pleas and another for trials. We also do felony preliminary hearings. If there is probable cause, it will be sent to the grand jury. I can say, 'I don't think this case should go to the grand jury,' but the district attorney can still present it to the grand jury.

"A very important duty that I have is that I set all the initial bonds in the county. I have set some record bonds in the county. If you get caught on a methamphetamine case, you are going to get a $1 million bond every time. The reason is because these people are a danger to our society. Meth is a virus that is permeating our whole county and our society. I see it from top to bottom. It is devastating. Our children are the ones who are being affected. If we don't do something to protect our young people, we are not going to have a legacy or foundation from which to build. We need to get these



Winston County District Judge Mike Newell speaks to the Haleyville Rotary Club about his duties.

are followed. You would be amazed what you see in small claims court. There is a huge secondary market in bad debt. What you will have are folks who will buy this bad debt and sue everybody on the debtor list. The vast majority of folks will say they don't want to go to court and agree to pay it. I have seen 20 to 25 times that people have been sued that they have already paid. I am going to make them prove to me that they own a debt for the secondary debtors.

"District civil court is where we have jurisdiction up to $10,000. Another area is where I sit as an ex officio circuit judge. I hear divorce cases in that capacity. When I first started hearing those, we were running a backlog of

people in the county. We develop policies and procedures to implement to address the needs. I would love to see 100 people at these meetings. Everyone is a stakeholder. We all benefit from getting our young people on the right path. Our young people are being so impacted by the drug problem. It is the common thread throughout all of this. I encourage you to get on board with the Policy Council. We are looking for anyone with a good idea about how to help our young people. I want to be proactive, forming strategic alliances and partnerships with the school systems.

"We've started battling the issue of truancy. Parents are being held responsible to make sure their child...

*Exhibit D*